UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

STEVEN MELEIKA,

    Plaintiff,

v.

BAYONNE POLICE DEPARTMENT,
CITY OF BAYONNE,
STATE OF NEW JERSEY,

    Defendants.

Civ. No. 17-1958 (KM-JBC)

OPINION

### KEVIN MCNULTY, U.S.D.J.:

    This matter comes before the Court on the motion of the Bayonne Police Department and the City of Bayonne under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief may be granted. (ECF no. 12) The plaintiff, Steven Meleika, *pro se*, sues the Bayonne Police Department, the City of Bayonne, and the State of New Jersey for constitutional torts in connection with his arrest and prosecution. The claims against the State are dismissed on Eleventh Amendment/sovereign immunity grounds, and the claims against the Bayonne Police Department are dismissed because it is not an independent entity, but merely a department of City government. As to the remaining defendant, the City of Bayonne, the motion to dismiss the Complaint is granted without prejudice to the submission, within 45 days, of a proposed amended complaint that remedies the defects of the original.

### I.    The Allegations of the Complaint

    The Complaint is brief, consisting of filled-in blanks on a standard *pro se* complaint form. The underlying factual allegations, in their entirety, are as follows:

1

> On 4-23-15 I was arrested and charged with a criminal offense. The case was dismissed entirely on 9-27-16.

(Cplt. § III.C)

> The fullest statement of the claims asserted reads as follows:
>
> Violation of civil rights
> False arrest
> False imprisonment
> Malic[ious] prosecution
> 14 Amendment
> 4 Amendment
> Punitive damages

(Cplt. § V)

I interpret these as federal claims under 42 U.S.C. § 1983 for violations of Mr. Meleika's Fourth Amendment rights in connection with his arrest and prosecution. The Complaint seeks $200,000 in damages.

## II. The Applicable Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at

570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

### III. Discussion

#### A. The State

Initially, the Complaint must be dismissed against the State of New Jersey. The Complaint alleges no factual basis for an inference that the State had any involvement in the acts of which Mr. Meleika complains. More fundamentally, however, it would not matter if it did, because the Eleventh Amendment bars the Court from asserting jurisdiction over such a claim.[1]

---

[1] The defendants did not cite the Eleventh Amendment in their papers. The Court, however, is required to examine its own subject matter jurisdiction:

> [B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977). A necessary corollary is that the court can raise sua sponte subject-matter jurisdiction concerns.

3

The Eleventh Amendment to the U.S. Constitution, which is of jurisdictional stature, renders the states immune from certain claims: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. For more than a century, the Eleventh Amendment has been held to incorporate a more general principle of sovereign immunity. In general, it bars citizens from bringing suits for damages against any state in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *Kelley v. Edison Twp.*, No. 03-4817, 2006 WL 1084217, at *6 (D.N.J. Apr. 25, 2006) (citing *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 679 (D.N.J. 2003)); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Hans v. Louisiana*, 134 U.S. 1 (1890). Although Congress may, under some circumstances, abrogate the States' Eleventh Amendment immunity, it did not do so when it enacted Section 1983. *Quern v. Jordan*, 440 U.S. 332, 342 (1979).[2]

These § 1983 claims for damages, then, cannot be maintained against the State.

### B. The Jersey City Police Department

The Complaint must also be dismissed as against the Bayonne Police Department.

The Police Department, as such, is not a proper defendant. A New Jersey police department is not a separate legal entity, but a department of the municipality. N.J. Stat. Ann. § 40A:14–118 (municipal police department is "an executive and enforcement function of municipal government"). *See Padilla v. Twp. Of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004); *Mitchell v. City of Jersey City*, No. 15-CV-6907 (KM), 2016 WL 1381379, at *1 n.1 (D.N.J. Apr. 7,

---

*Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).

[2] Closely related is the principle that the State, its entities, and its officials are not "persons" subject to liability under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). I do not discuss it separately.

4

2016); *Adams v. City of Camden*, 461 F. Supp. 2d 263, 266 (D.N.J. 2006); *McGovern v. Jersey City*, No. 98-CV-5186 2006 WL 42236, at *7 n.4 (D.N.J. Jan. 6, 2006) (police departments cannot be sued in conjunction with municipalities because police departments are administrative arms of local municipalities, not separate entities).

For claims against the Police Department, then, then, the proper defendant is the City of Bayonne itself. The Complaint is dismissed as against the Bayonne Police Department. The correction, however, is technical; the substance of the action is not affected.

The remainder of the discussion applies to the Complaint as asserted against the remaining defendant, the City of Bayonne.

### C. Failure to plead federal claim against Bayonne

The complaint alleges that Mr. Meleika was arrested and charged with an unspecified offense on April 23, 2015, and that the case was dismissed on September 23, 2015. Factually, that is all it alleges. The standard form permits and encourages a factual recitation that is brief. These allegations, however, are clearly inadequate to establish any claim; it is not wrongful to arrest a person, even for a charge on which he was ultimately acquitted. This complaint will therefore be dismissed without prejudice to the submission, within 45 days, of a proposed amended complaint that alleges the facts of the case in a manner that states a claim.

### D. Miscellaneous matters regarding amended complaint

#### 1. Elements of two sample claims

I state the legal elements of two of the claims listed in the complaint. **I do not in any way mean to limit the claims or defendants that can be contained in an amended complaint. I do not suggest that these claims are appropriate, or that others would not be. These are merely examples, for the plaintiff's guidance.**

*False arrest*: "To state a [§ 1983] claim for false arrest or improper seizure under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause."

5

*Brown v. Mount Laurel Twp.*, No. CV 13-6455, 2016 WL 5334657, at *6 (D.N.J. Sept. 21, 2016) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988)). At a minimum, then, any amended complaint should state what the charge was and the facts on which the arrest was based. Information identifying the State criminal case, such as a docket number, would be helpful, if known.

*Malicious prosecution:* Malicious prosecution under 42 U.S.C. § 1983 requires that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014) (citing *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)). Once again, the plaintiff must allege *facts* as to each element.

### 2. Misfiling of Documents

Mr. Meleika seemingly has misfiled documents in the several actions he has filed. The Court has attempted to refile them in the proper action, but the plaintiff is cautioned that he cannot count on the court to do so.

For ease of reference, the actions filed by Mr. Meleika are:

17-cv-01958 MELEIKA v. BAYONNE POLICE DEPARTMENT

17-cv-01959 MELEIKA v. JERSEY CITY POLICE DEPARTMENT

17-cv-01960 MELEIKA v. HUDSON COUNTY CORRECTIONAL CENTER

    (all filed 03/22/17)

17-cv-05759 MELEIKA v. JERSEY CITY MEDICAL CENTER filed 08/04/17

The plaintiff is cautioned that he must in the future file papers under the correct docket number.

## CONCLUSION

For the foregoing reasons, the Rule 12(b)(6) motion to dismiss the Complaint for failure to state a claim is GRANTED, without prejudice to the submission, within 45 days, of a proposed amended complaint.

Dated: October 5, 2017

HON. KEVIN MCNULTY
United States District Judge